**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL CORTEZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3450** |
| | : | |
| **BERKS COUNTY JAIL SYSTEM,** *et al.* | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                              **August 24, 2021**

Plaintiff Michael Cortez, a pretrial detainee currently incarcerated at Berks County

Prison, filed this civil action alleging a violation of his civil rights.  Named as Defendants are the

Berks County Jail System; J. Quigley, Warden; Medical Administrator Captain; and Officer

Murray.  (Doc. No. 1.)  Cortez also seeks leave to proceed *in forma pauperis*.  For the following

reasons, the Court will grant the application to proceed *in forma pauperis* and dismiss Cortez's

Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  Cortez will be granted leave to file an amended complaint.

I.     **FACTUAL ALLEGATIONS**[1]

The allegations in Cortez's Complaint are brief.  He contends that "[i]t happen[ed] on D

Block in Berks County Jail coming back for shower.  Officer Murray pushed me forward and

wiplashed [sic] my neck causing me severe pain and later had to go to physical therapy."  (Doc.

No. 1 at 4.)[2]  Cortez also claims that he "wrote a grievance to address the issue [because] this

wasn't the first time this officer assaulted me but I had it on camera now."  (*Id.* at 5.)  The

---

[1] The factual allegations are taken from Cortez's Complaint.

[2] The Court adopts that pagination supplied by the CM/ECF docketing system.

grievance was denied.  (*Id.*)  Cortez alleges that "the officer continued to take things out of my food so I filed an appeal" on August 27, 2020.[3]  (*Id.*)  X-rays were taken of Cortez's neck, he was told "something was wrong," and was taken "to an outside clinic" for further evaluation. (*Id.*)  Cortez was given pain medication and prescribed physical therapy for his injuries.  (*Id.*) He alleges that he did not receive physical therapy until "a year later" and this delay aggravated his injuries.  (*Id.*)  He seeks monetary damages for the physical and psychological injuries he suffered.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Cortez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Cortez is proceeding *pro se*,

---

[3] Cortez is uncertain of the date of the underlying event because "Officer Murray took the copy of my first grievance when I went to the shower."  (Doc. No. 1 at 5.)  The Court will assume for purposes of statutory screening only that the underlying event occurred within the two-year limitation period applicable to this action.  *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (the timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose); 42 Pa. Cons. Stat. § 5524(2) (providing a two- year limitations period for a personal injury actions).

[4] However, as Cortez is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

the Court construes his allegations liberally.  *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F. 3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F. 3d at 245).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court understands Cortez to be asserting an excessive force claim under the Fourteenth Amendment.  Liberally construing the Complaint, he may also be pursuing a claim for deliberate indifference to his serious medical needs under the Fourteenth Amendment based

3

on a delay in receiving physical therapy for his injuries.  For the following reasons, these claims are not plausible as pled.[5]

### A.      Defendant Berks County Jail System

Cortez names the Berks County Jail System in the caption of his Complaint, but does not include it in the list of Defendants on pages 2–3 of the form or assert any factual allegations concerning Berks County Jail System.  To the extent this may be interpreted to mean that Cortez seeks to bring a § 1983 claim against Berks County Jail System, that claim must be dismissed.  The Berks County Jail System is not a "person" under Section 1983.  *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).

### B.      Official Capacity Claims

Cortez only checked the box on the form complaint indicating that he seeks to name each of the Defendants in his official capacity.  Official capacity claims are indistinguishable from claims against the entity that employs the officials.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dept. of Soc. Servs. of New York City*, 436 U.S. 658, 690, n.55 (1978)).  Thus, "an official-capacity suit is, in all

---

[5] Because Cortez was a pretrial detainee during all relevant times, the Due Process Clause of the Fourteenth Amendment governs his excessive force claim and any inadequate medical care claim raised herein.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation and citation omitted)); *Moore v. Luffey*, 767 F. App'x 335, 340 (3d Cir. 2019) (analyzing pretrial detainee's inadequate medical care claim under same deliberate indifference standard used to evaluate similar claims brought under the Eighth Amendment).

respects other than name, to be treated as a suit against the entity." *Id.* Accordingly, Cortez's official capacity claims against employees and officials of Berks County Jail System are essentially claims against the employing municipality, Berks County.

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, Pennsylvania*, 564 F.3d 636, 658 (3d Cir. 2009). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the municipality must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). Nothing in the Complaint alleges that the conduct of which Cortez complains was the result of a municipal policy or custom.

Accordingly, Cortez has failed to state plausible official capacity claims against the Defendants and his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court cannot say, however, that Cortez can never state a plausible § 1983 claim based upon the incident he describes in his Complaint and he will be granted leave to file an amended complaint.

Cortez should be mindful that his Complaint is deficient for other reasons as well as discussed below.

### C.   Individual Capacity Claims

#### 1.   Defendant Warden Quigley

Even if Cortez had intended to sue Defendant Warden Quigley in his individual capacity, there are no allegations in the Complaint against him.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'"  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).  Other than Defendant Murray, Cortez does not allege any act by a named Defendant.  There are no allegations in the Complaint regarding how Defendant Quigley was the cause of the use of excessive force or Defendant Quigley's involvement with Cortez's medical care.  Thus, the Complaint fails to state a plausible constitutional claim against Defendant Quigley in his individual capacity.[6]

#### 2.   Medical Administrator Captain

If Cortez had intended to sue the Defendant named as Medical Administrator Captain in his individual capacity, this claim is also not plausible as pled.  To state a deliberate indifference

---

[6] To the extent that Cortez intended to plead a claim against Warden Quigley based on a supervisory liability theory, he has not done so.  There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Id.* (quotation marks and citations omitted).

claim in the context of medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[7]  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted).  Deliberate indifference "can be shown by 'a prison official intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'"  *Wilks v. City of Philadelphia*, Civ. A. No. 18-4087, 2019 WL 4261159, at *5 (E.D. Pa. Sept. 6, 2019) (quoting *Casilla v. New Jersey State Prison*, 381 F. App'x 234, 236 (3d Cir. 2010)).  Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (cleaned up).  "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious."  *Id.*  Allegations of medical

---

[7] As noted above, because Cortez was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims.  *See Moore*, 767 F. App'x at 340.  In any event, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis.  *See Parkell v. Morgan*, 682 F. App'x 155, 159–60 (3d Cir. 2017) (per curiam).

malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Cortez's Complaint does not support a plausible Fourteenth Amendment claim under the *Iqbal* pleading standard. He fails to allege that the Medical Administrator Captain was personally aware that Cortez had a serious medical need, much less that he acted intentionally to refuse to provide medical treatment, delayed treatment, or personally prevented Cortez from receiving treatment. *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). Thus, the Complaint does not support a plausible deliberate indifference claim against the Medical Administrator Captain.

### 3.     Defendant Murray

If Cortez intended to sue Defendant Murray in his individual capacity based on the use of excessive force, his claim is conclusory and falls short of providing sufficient factual allegations to state a plausible claim. He alleges that Defendant Murray pushed him when he was returning from the shower, causing injury to his neck. (*See* Doc. No. 1 at 4–5.) To state a due process violation based on excessive force, a pretrial detainee must allege facts to suggest plausibly that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case." *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* Even construing the allegations

in the Complaint liberally, the circumstances of the use of force are unclear.  Cortez alleges only that he was pushed by Murray, but offers no context to support a plausible excessive force claim. Absent any factual allegations suggesting that the use of force was objectively unreasonable, the Complaint cannot support a plausible Fourteenth Amendment claim.  *See Iqbal*, 556 U.S. at 678.

## IV.    CONCLUSION

Because Cortez has failed to allege a plausible claim against any named Defendant, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Berks County Jail System will be dismissed with prejudice.  The claims against all other Defendants will be dismissed without prejudice and Cortez will be granted leave to file an amended complaint if he is able to cure the defects the Court has identified.  An appropriate Order follows.